**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

JAMES R. MERCER, JR.,

                              Plaintiff,

    v.                                           No. 08-CV-537
                                                  (DNH/DRH)

T. BENSON, Correctional Officer, Wende
Correctional Facility; T. HUNTER,
Correctional Officer, Wende Correctional
Facility; R.N. P. SMITH, Correctional
Sergeant, Wende Correctional Facility;
RICHARD ROY, Inspector General, New
York State Department of Correctional
Services; DALE ARTUS, Superintendent,
Clinton Correctional Facility; LINDA
TURNER, Deputy Superintendent for
Program Services, Clinton Correctional
Facility; VONDA JOHNSON, Director of
Facility Health Services, Clinton Correctional
Facility; BRIAN LECUYER, Nurse
Administrator, Clinton Correctional Facility;
S. MILLER, Nurse Practitioner, Clinton
Correctional Facility; and T. BROUSSEAU,
Inmate Grievance Program Supervisor,
Clinton Correctional Facility;

                              Defendants.

---

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| JAMES R. MERCER, JR.<br>Plaintiff Pro Se<br>87-C-0688<br>Wyoming Correctional Facility<br>Post Office Box 501<br>Attica, New York 14011 | |
| HON. ANDREW M. CUOMO<br>Attorney General for the<br>   State of New York<br>Attorney for Defendants<br>The Capitol<br>Albany, New York 12224-0341 | CHRISTINA L. ROBERTS-RYBA, ESQ.<br>Assistant Attorney General |

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se James R. Mercer, Jr. ("Mercer"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to (1) 42 U.S.C. § 1983 alleging that defendants, ten DOCS employees, violated his constitutional rights under the First, Eighth, and Fourteenth Amendments; and (2) Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., alleging that defendants Artus, Turner, and Miller violated his rights under that statute. Compl. (Docket No. 1). Presently pending is defendants' motion for judgment on the pleadings[2] as to defendants Turner, Artus, and Roy and as to the ADA claims against Miller pursuant to Fed. R. Civ. P. 12(c).[3] Docket No. 49.[4] Mercer opposes the motion. Docket No. 70. For the following reasons, it is recommended that defendants' motion be granted.

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[2] Defendants' Notice of Motion and Memorandum of Law describe their motion as one to dismiss but refer to Rule 12(c) as authority for their motion. see Docket Nos. 49-1 at 1, 49-3 at 3. Rule 12(c) authorizes motions for judgement on the pleadings "[a]fter the pleadings are closed." As the pleadings in this case are now closed, see Docket Nos. 1, 21), and as plaintiffs cite Rule 12(c) rather than Rule 12(b) as the authority for their motion, the motion will be treated as one for judgment on the pleadings. See subsection II(A) infra.

[3] Also pending are defendants' motion for reconsideration of a discovery order and Mercer's motion to compel discovery. Docket Nos. 60, 72. Those motions will be addressed in a separate order.

[4] In his response papers, Mercer concedes that the ADA claims should be dismissed against Artus, Turner, and Miller. Docket No. 70 ¶ 4. Additionally, he agrees that this concession dismisses Turner from the action entirely. Id. Therefore, defendants' motion as to those defendants and claims should be granted without objection.

I. Background

The facts are related herein in the light most favorable to Mercer as the non-moving party. See subsection II(A) infra.

On November 30, 2006, Mercer was involved in an altercation at Wende Correctional Facility with defendants Benson, Hunter, and Smith, all corrections officers. Compl. ¶¶ 19-33. As a result of the altercation, Mercer was issued a misbehavior report and on December 5, 2006, was found guilty and sentenced to six months in the Special Housing Unit ("SHU").[5] Id. ¶¶ 34, 37. On December 20, 2006 and January 12, 2007, Mercer sent letters to defendant Roy, the DOCS Inspector General, seeking to press criminal charges against the corrections officers involved in the altercation. Id. ¶ 38. Mercer received no response from Roy. Id.

Mercer's mother began corresponding with various state agencies and legislators about the November 30 incident. Compl. ¶ 39. In response, Roy called Mercer's mother and "advised. . . that because of the report . . . and the finding of guilt towards [Mercer] thereto, transfer to a facility in the Western New York area was not feasible." Id. Mercer's mother continued attempts to have criminal charges brought against the three corrections officers by filing felony complaints with the town court. Id. ¶¶ 40-43. These complaints were forwarded back to Roy, who still failed to act on of them. Id. ¶ 43.

Similarly, Mercer sent multiple complaints and grievances to defendant Artus, the

---

[5]SHUs generally "consist of single-occupancy cells grouped so as to provide separation from the general population . . . ." N.Y. Comp. Codes R. & Regs. tit. 7, § 300.2(b). Inmates are confined in a SHU as discipline, pending resolution of misconduct charges, for administrative or security reasons, or in other circumstances as required. Id. at pt. 301.

3

Superintendent at Clinton Correctional Facility, regarding his medical problems resulting from low back pain and related conditions. Compl. ¶¶ 67, 76, 83, 116, 118-19. In response, Artus sent him memoranda indicating that the complaints were received and forwarded to the appropriate individuals for investigation and resolution of Mercer's complaints. Id. ¶¶ 68, 77. Defendant Turner, the Deputy Superintendent for Program Services at Clinton, provided Mercer with DOCS Request for Reasonable Accommodations forms on two occasions. Id. ¶¶ 103, 109. She also signed the request forms when they were properly completed and received by her for further consideration by the medical department and administration. Id. ¶¶ 104, 110. After medical review was complete, Turner twice denied Mercer's requests for accommodations "because 'Medical staff have determined no medical need to substantiate request.'" Id. ¶¶ 107, 112. This action followed.

## II. Discussion

### 1. Legal Standard[6]

"The standard for granting a Rule 12(c) motion . . . is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001) (citations omitted). Rule 12(b)(6) authorizes dismissal of a complaint that states no actionable claim. When considering a motion to dismiss, "a court

---

[6] Mercer has attached documents to his opposition which are considered on this motion. Falso v. Ablest Staffing Servs., __ F.3d __, 2009 WL 1762206, at *1 (2d Cir. June 23, 2009) ("In deciding a motion to dismiss, a court should consider only those facts alleged in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference.").

4

must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  However, "a 'complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." Gilfus v. Adessa, No. 5:04-CV-1368 (HGM/DEP), 2006 WL 2827132, at *3 (N.D.N.Y. Sept. 30, 2006) (citing De Jesus v. Sears, Roebuck & Co. 87 F.3d 65, 70 (2d Cir. 1996) (internal quotations omitted)). Thus, dismissal is only warranted if it appears, beyond a reasonable doubt, that the non-moving party cannot prove a set of facts which would support his or her claim or entitle him or her to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Harris v. City of N.Y., 186 F.3d 243, 247 (2d Cir. 1999).

When, as here, a party seeks dismissal against a pro se litigant, a court must afford the non-movant special solicitude.  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).  As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," . . . that a pro se litigant's submissions must be construed "liberally,". . . and that such submissions must be read to raise the strongest arguments that they 'suggest. . . . .  At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, . . or arguments that the submissions themselves do not "suggest, . . ." that we should not "excuse frivolous or vexatious filings by pro se litigants" . . . and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law . . . ."

Id. (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-92 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds *pro se*, ... a court is obliged to construe his pleadings liberally.'" (citations omitted)).

5

**B. Personal Involvement**

Defendants contend that Mercer has failed to allege the personal involvement of defendants Roy, Turner, or Artus. "'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)). Thus, supervisory officials may not be held liable merely because they held a position of authority. Id.; Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996). However, supervisory personnel may be considered "personally involved" if:

> (1) [T]he defendant participated directly in the alleged constitutional violation;
>
> (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong;
>
> (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom;
>
> (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or
>
> (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (citing Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)).

**1. Roy**

A position in a hierarchical chain of command, without more, is insufficient to support a showing of personal involvement. Wright, 21 F.3d at 501. Therefore, Roy's position as the DOCS Inspector General alone is insufficient to establish personal involvement. Moreover,

the receipt of letters complaining of alleged constitutional violations will not suffice to establish personal involvement.  See Sealey, 116 F.3d at 51.  At best, Mercer's allegations against Roy establish no moe than this.  Roy's actions in speaking with Mercer's mother constituted no more.

Further, the fact that an official failed to investigate the contents of a letter alleging a constitutional violation is likewise insufficient to establish  personal involvement.  Westbrook v. City Univ. of N.Y., 591 F. Supp. 2d 207, 225 (E.D.N.Y. 2008).  Thus, Mercer's contentions alleging that an investigation should have been ordered for a criminal prosecution are insufficient to allege personal involvement.[7]  Moreover, there exists no allegations that Roy created an unconstitutional policy or custom or was grossly negligent in supervising others.

Accordingly, defendants' motion as to Roy on this ground should be granted.

### 2. Artus

The mere receipt of a complaint is insufficient to establish personal involvement.  See Garrido v. Coughlin, 716 F. Supp. 98,  100 (S.D.N.Y.1989) (holding that Commissioner of DOCS not personally liable for ignoring plaintiff's letter of protest and request for an investigation).  "The same is true if the only involvement of the supervisory official is to refer the inmate's complaint to the appropriate staff for investigation."  Vega v. Artus, 610 F.

---

[7]Additionally, there exists no constitutionally protected right to file criminal charges against another.  See Langworthy v. Dean, 37 F. Supp. 2d 417, 422 (D. Md. 1999) ("[A] right to compel the prosecution of criminal activity does not exist.").  Defendants are thus entitled to judgment on this claim.  Moreover, inmates do not possess a constitutional right to placement in a correctional facility of their choosing.  See generally, Montanye v. Haynes, 427 U.S. 236, 242-43 (1976)

7

Supp. 2d 185, 198 (N.D.N.Y. 2009) (citing Ortiz-Rodriquez v. N.Y. State Dep't of Corr. Servs., 491 F Supp.2d 342, 347 (W.D.N.Y. 2007)).

Mercer's contentions do not allege that Artus knew, or was personally involved with the investigation of his complaints or grievances in which Mercer received memoranda from Artus. Rather, Mercer contends that Artus was apprised of these alleged violations in Mercer's letters and grievances. Thus, Artus should have known of Mercer's complaints. This asserted knowledge, without more, is also insufficient to establish personal involvement as there exists no allegation that Artus took any action. See Bodie v. Morgenthau, 342 F. Supp. 2d 193, 203 (S.D.N.Y. 2004) (citations omitted) (finding personal involvement only where a supervisory official received, reviewed, and responded to a prisoner's complaint). Moreover, there exists no allegation that Artus created an unconstitutional policy or custom or was grossly negligent in supervising.

Accordingly, defendants' motion on this ground as to Artus should be granted.

### 3. Turner

Mercer alleges that Turner's principal involvement was her provision of ADA applications to him and her ultimate denials of his applications. "[T]he denial of plaintiff's grievance - which is all that is alleged against him - is insufficient to establish personal involvement." Joyner v. Greiner, 195 F. Supp. 2d 500, 506 (S.D.N.Y. 2002). There are no allegations that Turner did anything more than rely on the conclusions provided by the medical department in signing the denials of Mercer's requests for accommodations for his claimed medical condition. See Bodie, 342 F. Supp. 2d 193, 203 (S.D.N.Y. 2004); see also Keyes v. Strack,

No. 95-CV-2367, 1997 WL 187368, at *3 ("It is well established that supervisory officials are generally entitled to delegate medical responsibility to facility medical staffs and are entitled to rely on the opinions of medical staff concerning the proper course of treatment.") (citing inter alia White v. Farrier, 849 F.2d 322, 327 (8th Cir. 1988) (holding defendant immune from liability where he "justifiably relied on the opinion of [a physician] that no medical need existed.")).  Moreover, there exists no allegation that Turner created an unconstitutional policy or custom or was grossly negligent in supervising others.

Accordingly, defendants' motion as to Turner on this ground should be granted.

### III.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion for judgment on the pleadings (Docket No.49) be **GRANTED** and that judgment be entered in favor of defendants Roy, Turner, and Artus on all claims against them and that the ADA claims be **DISMISSED** against all defendants.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO**

**OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: August 14, 2009
       Albany, New York

_David R. Homer_
United States Magistrate Judge